No. 18,564.

THE BUSHONG STATE BANK, *Appellant*, v. MAMIE H. CHURCHILL et al., *Appellees*.

Appeal from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed November 14, 1914. Modified.

*R. M. Hamer*, and *H. E. Ganse*, both of Emporia, for the appellant.

*W. N. Smelzer*, of Emporia, *A. O. Justice*, of Osage City, and *J. T. Pringle*, of Burlingame, for the appellees.

*Per Curiam:* The action was one to foreclose a real-estate mortgage executed by Mamie H. Churchill and J. P. Churchill, her husband, on land belonging to the wife. The verdict and judgment were in her favor and the plaintiff appeals.

The plaintiff claimed that the note and mortgage were given to secure the indebtedness of J. P. Churchill to the bank and that such indebtedness has never been satisfied. Evidence was introduced tending to establish this claim. A portion of this evidence consisted of testimony indicating a full settlement of the indebtedness and the retention of the note and mortgage as satisfaction of part of the balance found to be due. Mrs.

Churchill claimed that the note and mortgage were given to indemnify the president of the bank as surety on a redelivery bond in a replevin action to which her husband was a party, and for no other consideration. She gave testimony tending to prove this claim. She also contended, in opposition to the bank's version of the settlement, that her husband's indebtedness was fully discharged without using the note and mortgage for that purpose.

The testimony of Mrs. Churchill is criticized as being indefinite, self-contradictory, and not worthy of credence in view of facts and circumstances established by reliable proof. Manifestly these were matters for the jury to consider and decide.

It is said that the cross-examination of certain witnesses was unfair and was unwarrantably extended to embrace irrelevant transactions which confused and embarrassed the jury in its consideration of the case. The bank was unable to establish the indebtedness of Churchill, the various forms which it took, and the result of the settlement, by its books or other documentary evidence but was obliged to depend on parol proof which in many respects was quite indefinite and uncertain. Many transactions covering a considerable period of time were involved, and apparently the only way to arrive at the ultimate facts was to make the investigation thorough and complete. The fact that the relations of Churchill to the bank were confused and complicated was not ground for arbitrarily stopping the investigation, and this court is unable to declare that the trial court abused its discretion in any particular to the plaintiff's prejudice.

It is admitted that no liability has accrued on the redelivery bond, and consequently, under the defendant's theory of the case, no liability has accrued on the note and mortgage. The plaintiff included in its petition a cause of action for taxes which it was authorized to pay and did pay on the mortgaged premises.

Judgment was not entered for these taxes, probably on the theory that the note and mortgage were live instruments which had not matured for any cause stated in the petition. Under the circumstances the plaintiff should recover these taxes, and the district court is directed to modify its judgment accordingly. Otherwise the judgment is affirmed.